BEAUFAIT v. DOLSON.

ADVERSE POSSESSION—WHAT CONSTITUTES.

The possession by an aged mother, after the death of her daughter, of property owned by the latter, under an arrangement that the former might continue to make the place her home, cannot become adverse as against the heirs of the daughter, until after some notorious, open, and hostile act, inconsistent with possession under such arrangement.

Appeal from Wayne; Frazer, J. Submitted June 17, 1896. Decided July 8, 1896.

Bill by Cleanthe M. Beaufait against Ann Dolson, Nellie E. Whitehead, and others, to quiet title. From a decree dismissing the bill, complainant appeals. Affirmed.

Complainant claims to be the owner in fee of the land described in the bill of complaint, the object of which is to quiet her title. She claims title by a deed executed by one Harriet E. Dolson, February 19, 1877, to William Beaufait, whom complainant afterwards married; and by deed from Beaufait to her, executed June 11, 1881, and recorded June 5, 1893. The deed to Beaufait described the grantor as "Harriet E. Dolson, sometimes called Harriet Ann Dolson." It is signed by her mark. It is claimed by the complainant that the Mrs. Dolson who signed the deed was the owner of the property. It is claimed by the defense that she was not the owner of the property, but that it was owned by Harriet E. Dolson, the aunt of defendant Whitehead, and the daughter of Ann Dolson, the old lady who executed the deed, and who then resided upon the property with her daughter. Harriet E. Dolson died in 1874. It is also claimed that upon the death of Harriet it was arranged that the grandmother, Ann Dolson, should live in the house upon the property. It does not appear that Mr. Beaufait paid any consideration, unless there was an agreement that he should take care of the old lady. Ann Dolson lived in the house until 1881, when she was removed to the house of the Little Sisters of the Poor by Mr. Beaufait, who contributed to her support while there. She died about 2½ years after such removal, being then more than 100 years of age. Proofs were taken in open court, and the bill dismissed.

*Frederick W. A. Kurth* (*Samuel W. Burroughs*, of counsel), for complainant.

*T. E. Tarsney* and *W. W. Wicker*, for defendant Whitehead.

Grant, J. (*after stating the facts*). Complainant claims title in fee by the deed executed by Harriet E. Dolson, but that, if the deed is not valid, she and her grantor have been in adverse possession for more than 15 years prior to the commencement of this suit, which possession gives her a good title. The circuit judge filed a written opinion, in which he said:

"From the evidence, I am satisfied that the title to this property was in Harriet E. Dolson, and that the old lady known as Ann Dolson never had any title of any kind to the property; and therefore any conveyance from her to the complainant carried with it no title whatever."

The identity of the person executing that deed is the important question of fact. The judge saw the witnesses, and the issue depends upon the credit to be given to them. Inasmuch as there is a direct conflict, we are not disposed to dissent from this finding of fact. The court very properly held that there was no such adverse possession as the law requires. Mr. Beaufait did not take possession. Ann Dolson remained in possession, with nothing to indicate that she was occupying under any arrangement with Beaufait. She remained in possession under an arrangement with Harriet E. Dolson. The heirs of Harriet E. Dolson had the right to assume that the same relation continued until there was some notorious, open, and hostile act of possession on the part of Beaufait.

The decree dismissing the bill is affirmed, with costs.

The other Justices concurred.